**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EMMITT WORTHY III, | CIVIL ACTION NO. 05-751 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| DEPARTMENT OF CORRECTIONS, et al., |  |
| Defendants. |  |

**COOPER, District Judge**

The defendants Joseph Fry ("SCO Fry") and Michael Edwards ("SCO Edwards") (collectively, the "SCO Defendants") move for (1) an extension of time to answer, move or otherwise reply out of time pursuant to Federal Rule of Civil Procedure ("Rule") 6(b)(2), and (2) summary judgment in their favor pursuant to Rule 56(c). (Dkt. entry nos. 20, 21.) The Court, for the reasons stated herein, will grant the separate motions.

BACKGROUND

The parties are familiar with the background of this action. (See 3-27-06 Mem. Op., at 1-5.) In a memorandum opinion and order dated March 27, 2006, the Court denied without prejudice the motion for summary judgment filed by the SCO Defendants. (Id. at 12.) The Court granted the SCO Defendants leave to re-move by April 24, 2006, upon providing the Court with an appropriate description of the administrative procedures available to the plaintiff pro se, Emmitt Worthy III ("Worthy"),

at the New Jersey State Prison ("NJSP") and Riverfront State Prison ("RSP").  (Id.; 3-27-06 Ord.)

The SCO Defendants moved for an extension of time to re-file the motion for summary judgment on May 18, 2006.  (Dkt. entry no. 20.)  That same day, the SCO Defendants, in lieu of an answer, moved for summary judgment.  (Dkt. entry no. 21.)  The SCO Defendants argue that (1) Worthy failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"); (2) they are entitled to qualified immunity; (3) they were not deliberately indifferent to any known risk of harm to Worthy; (4) any force used against Worthy was, at most, de minimis, and thus not actionable; (5) Worthy's claims for damages against them in their official capacities are barred by Eleventh Amendment immunity; (6) Worthy cannot show that he is entitled to punitive damages; and (7) Worthy's claims for injunctive and declaratory relief are moot because he has been released from prison.  (Defs. Br., at 1.)  Worthy opposes the motion for summary judgment claiming that he exhausted all of his administrative remedies by "submitt[ing] a Department of Corrections Administrative Remedy form with an attached formal letter address[ed] to . . . Administrator, Roy L. Hendricks that went unanswered to no avail."  (Pl. Br., at ¶ 3 & Ex. A.)[1]

---

[1] See 12-23-05 Ord., at 4 n.2 (acknowledging that Worthy's attempted opposition was deficient, but accepting it as being properly filed for purposes of addressing motion for summary

**DISCUSSION**

I.  **Motion To Extend Time To Answer, Move Or Otherwise Reply Out Of Time**

The SCO Defendants move to extend their time to answer, move or otherwise reply out of time pursuant to Rule 6(b)(2). (Dkt. entry no. 20.) The SCO Defendants acknowledge that the Court's March 27, 2006 Order denying the motion for summary judgment granted them leave to re-file by April 24, 2006. (5-18-06 Thomas E. Kemble Aff., at ¶ 10.) However, "[w]hether by mistake or inadvertence, Counsel for the Office of Attorney General did not become aware of this date until May 5, 2006, eleven days after the time permitted to re-move." (Id. at ¶ 11.) The SCO Defendants argue that "[t]he delay in filing to Re-Move for Summary Judgment would in no way prejudice the plaintiff, but would provide a fair opportunity for the Attorney General to obtain additional information [that the Court] requested regarding Plaintiff's exhaustion of his administrative remedies." (Id. at ¶ 12.) The plaintiff has not opposed this motion. The Court finds that the SCO Defendants have satisfied the requirements of Rule 6(b)(2) and, therefore, will grant the motion.

---

judgment). Worthy has failed to file any opposition to the re-filing of the motion for summary judgment. However, for purposes of this motion, the Court will consider Worthy's original opposition papers.

**II.   Motion for Summary Judgment**

    **A.   Standard For Summary Judgment**

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id.  The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant has met this prima facie burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).  A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.  Under this standard, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a Rule

4

56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]." Id. at 252. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original). A fact is material only if it might affect the action's outcome under governing law. Id. at 248. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted).

    **B.    The Exhaustion Of Administrative Remedies**

        1.    The Exhaustion Requirement under the PLRA

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[2]

---

[2] Failure to exhaust administrative remedies is an affirmative defense and the defendants "have the burden of pleading and proving the defense in a motion for summary judgment or at trial." Kounelis v. Sherrer, No. 04-4714, 2005 WL 2175442, at *6 (D.N.J. Sept. 6, 2005) (citing Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004)).

The exhaustion of all administrative remedies is mandatory, even if (1) the prisoner believes they are ineffective, or (2) the available administrative process cannot grant the desired remedy. Booth v. Churner, 532 U.S. 731, 739-41 (2001); see Porter v. Nussle, 534 U.S. 516, 524 (2002) (explaining that (1) "exhaustion in cases covered by [section] 1997e(a) is . . . mandatory," (2) "[a]ll available remedies must . . . be exhausted," and (3) the remedies need "not meet federal standards, nor must they be plain, speedy, and effective"). Therefore, to comply with the PLRA, a prisoner must "properly (i.e., on pain of procedural default) exhaust administrative remedies as a prerequisite to a suit in federal court." Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004).

The PLRA's exhaustion requirement applies to all actions brought by inmates "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. The Court, in determining whether a prisoner has properly exhausted administrative remedies, must evaluate the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials. Spruill, 372 F.3d at 222.[3]  "[C]ompliance with

---

[3] The PLRA's exhaustion requirement applies to grievance procedures set forth in a New Jersey Department of Corrections ("NJDOC") inmate handbook, even if that handbook is not formally

the administrative remedy scheme will be satisfactory if it is substantial." Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000).

The PLRA exhaustion requirement contemplates that the prisoner must bring a grievance to the attention of the appropriate prison official so that the official has an opportunity to respond to the grievance before the prisoner resorts to the court system. Spruill, 372 F.3d at 227 (citation omitted); see Porter, 534 U.S. at 524-25 (indicating PLRA "afford[s] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"). Moreover, after filing an initial complaint, the prisoner must carry the grievance through any available appeals process. Nyhuis, 204 F.3d at 67. Thus, a prisoner has not exhausted administrative remedies until the prisoner has pursued a grievance through each level of appeal available within the prison system. Spruill, 372 F.3d at 232.

    2. Whether Worthy Exhausted Administrative Remedies[4]

The SCO Defendants contend that Worthy failed to exhaust his administrative remedies because he did not "file an institutional grievance form regarding his claims that he was assaulted by

---

adopted by a state administrative agency. Concepcion v. Morton, 306 F.3d 1347, 1355 (3d Cir. 2002).

[4] The Court previously determined the PLRA applied to Worthy's claims. (See 3-27-06 Mem. Op., at 10 (explaining that PLRA applied to Worthy as he filed complaint while incarcerated at RSP).)

7

another inmate as a result of SCO Fry and SCO Edwards' allegedly deliberate actions." (Defs. Br., at 8.) The defendants have the burden to demonstrate that Worthy failed to exhaust his administrative remedies. Kounelis, 2005 WL 2175442, at *6. The SCO Defendants have satisfied this burden, and Worthy has failed to provide any contrary information or documentation that he did exhaust his administrative remedies before bringing this action.

    The SCO Defendants point out that NJSP and RSP have adopted inmate handbooks setting forth the rights and privileges of inmates at each facility. (5-17-06 Donald Mee Aff. ("Mee Aff."), at ¶ 7; 5-16-06 Kenneth Rozov Aff. ("Rozov Aff."), at ¶ 3.) All prisoners, including Worthy, receive a copy of the inmate handbook upon arrival at NJSP or RSP. (Mee Aff., at ¶ 7; Rozov Aff., at 3.) The NJSP handbook includes a grievance procedure, which requires an inmate to first file an "administrative remedy form." (Mee Aff., at ¶ 8 & Ex. E, NJSP Inmate Handbook.) The inmate can obtain an administrative remedy form "from the Housing Unit supply, the Unit Social Worker or Law Library upon . . . request." (Mee Aff., at ¶ 8.) After completing the form, the inmate must deposit the completed form into a collection box available in each compound. (Id.) Close custody unit inmates turn in their completed forms to their housing unit custody supervisor or social worker. (Id.) The inmate then sends the administrative remedy form to the "Office of the Executive

8

Assistant in Charge of Remedy Forms."  (Id., Ex. E.)  The inmate should receive a response within 30 days after submitting the form, or within 5 days if the form is marked "urgent."  (Id. at ¶ 9.)

The RSP inmate handbook also includes a procedure "for the purpose of having a concern addressed."  (Rozov Aff., Ex. A, RSP Inmate Handbook.)  The RSP handbook requires an inmate to first submit an "Inmate Request Form," which the inmate can obtain from the housing unit officer or law library.  (Id.)  The inmate then deposits the completed form into the mailbox marked "Inmate Request Remedy."  (Id.)  These forms are picked up daily from the Inmate Request Remedy box.  (Id.)  Similar to the NJSP grievance procedure, an inmate should receive a response within 30 days after submitting the inmate request form.  (Id.)

Worthy does not deny the existence of the administrative remedy procedures set forth in these inmate handbooks.  Instead, Worthy asserts that he exhausted his administrative remedies regarding his allegation that the SCO Defendants facilitated an attack on him by "submitt[ing] a Department of Corrections Administrative Remedy form with an attached formal letter address[ed] to . . . Administrator, Roy L. Hendricks that went unanswered to no avail" on or about December 30, 2003.  (See Pl. Br., at ¶ 3 & Ex. A (stating, inter alia, "Please accept this attached formal letter in behalf of [sic] submitting an Administrative Remedy Form").)  Worthy, however, did not file any

9

administrative remedy forms or inmate request forms regarding the assault allegedly caused by the SCO Defendants while at NJSP or RSP, respectively.  (See Mee Aff., at ¶ 11 (stating Worthy filed grievance forms while at NJSP, but none related to assault allegedly caused by SCO Defendants); Rozov Aff., at ¶ 8 (stating same with respect to RSP).)

Worthy has not alleged that any of the readily-available methods for him to file a grievance were unavailable to him while at NJSP or RSP.  See Oliver v. Moore, 145 Fed.Appx. 731, 732 (3d Cir. 2005) (affirming judgment rejecting inmate's argument of substantial compliance with PLRA's exhaustion requirement by sending letters of complaint rather than using prison grievance system when inmate provided no evidence that prison's administrative remedy system was not available).  Also, Worthy was aware of the grievance procedures at NJSP and RSP as evidenced by the number of remedy forms he filed while incarcerated.  (Mee Aff., Ex. F; Rozov Aff., Ex. B.)  Regardless of whether Worthy attached a copy of an administrative remedy form to his letter to the administrator at NJSP, the SCO Defendants have demonstrated that Worthy failed to exhaust his available administrative remedies while at NJSP or RSP. Significantly, Worthy has not argued that (1) "prison officials precluded him from filing administrative requests or appeals so that the defendants are estopped from raising exhaustion as an affirmative defense," or (2) the procedures were unclear,

10

possibly "creating special circumstances to justify excusing the exhaustion requirement."  See Ramos v. Smith, No. 04-249, 2005 WL 3054291, at *5 (E.D. Pa. Nov. 14, 2005) (pointing out that Third Circuit Court of Appeals "has concluded that dismissal or summary judgment under [section] 1997e(a) is inappropriate when prison officials have misled or otherwise precluded the inmate from filing or exhausting prison grievance procedures").

## **CONCLUSION**

The Court concludes that the SCO Defendants have demonstrated that Worthy failed to exhaust his administrative remedies as required by the PLRA.  Therefore, the Court will (1) grant the motion to the extent that it seeks summary judgment in favor of the SCO Defendants for failure to exhaust administrative remedies, (2) grant summary judgment to Joseph Fry and Michael Edwards, and (3) enter judgment in their favor.  The Court also denies as moot the part of the motion seeking summary judgment (1) on the 42 U.S.C. § 1983 claim for violations of the Eighth and Fourteenth Amendments because the SCO Defendants are entitled to qualified immunity, (2) on Worthy's Eighth Amendment claim because (a) the SCO Defendants were not deliberately indifferent to any known risk of harm to Worthy, and (b) they did not subject Worthy to cruel and unusual punishment because any force used against Worthy was, at most, de minimis, (3) on Worthy's claims for damages against them in their official capacities based on

11

Eleventh Amendment immunity, (4) on Worthy's claim for punitive damages, and (5) on Worthy's claims for injunctive and declaratory relief because he had been released from prison.  The Court will issue an appropriate order and judgment.

                                                   s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge